# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GUERRA SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>RONALD RACKLEY,<br><br>Respondent. | Case No. 1:16-cv-00604-EPG-HC<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 4) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has requested the appointment of counsel. (ECF No. 4).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because he cannot read, write, or speak English. Petitioner speaks Spanish, but does not have access to any Spanish versions of the

Anti-Terrorism and Effective Death Penalty Act of 1996, Supreme Court precedent, or law books. Petitioner argues that he requires the services of interpreter to proceed with his habeas petition.

Upon review of the petition, motion to proceed *in forma pauperis*, and the instant motion for appointment of counsel, the Court finds that with the assistance of fellow inmates, Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

If, upon review of Respondent's response to the petition, the Court finds that the legal issues are more complex than they appear currently, the Court will revisit Petitioner's request for counsel.

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **May 3, 2016**              /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE