# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GUERRA SANCHEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RONALD RACKLEY,<br><br>　　　　　Respondent. | Case No. 1:16-cv-00604-LJO-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 14) |

Petitioner Felipe Guerra Sanchez is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2012 conviction in the Fresno County Superior Court for first-degree murder. As the instant petition was filed outside 28 U.S.C. § 2244(d)(1)'s one-year limitation period, the Court recommends granting Respondent's motion to dismiss.

## I.

## BACKGROUND

In 2012, Petitioner was convicted in the Fresno County Superior Court of first-degree murder and sentenced to an imprisonment term of twenty-five years to life. (LD[1] 2 at 2). On July 14, 2014, the California Court of Appeal, Fifth Appellate District modified the sentence to reflect an additional 626 days of presentence conduct credit, and so modified, affirmed the judgment.

---

[1] "LD" refers to the documents lodged by Respondent on July 21, 2016. (ECF No. 15).

1

(Id. at 21). The California Supreme Court denied Petitioner's petition for review on October 1, 2014. (LD 4).

On April 29, 2016, the Court received the instant petition for writ of habeas corpus. (ECF No. 1). On July 1, 2016, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 14). Petitioner has not filed any opposition to the motion to dismiss.

## II.

## DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). As the instant petition was filed after April 24, 1996, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

>   pertinent judgment or claim is pending shall not be counted toward
>   any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner's conviction became final on December 30, 2014, when the ninety-day period to file a petition for writ of *certiorari* with the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitation period commenced running the following day, December 31, 2014, and absent tolling, was set to expire on December 30, 2015. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Although the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period, 28 U.S.C. § 2244(d)(2), Petitioner did not file any state post-conviction collateral petitions. Therefore, the limitation period expired on December 30, 2015.

On April 29, 2016, the Court received the instant petition for writ of habeas corpus. (ECF No. 1). Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). According to the proof of service, Petitioner delivered the instant petition to the prison authorities for mailing on April 25, 2016, approximately four months after the limitation period expired. (ECF No. 1 at 21).[2]

The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). However, Petitioner has not made any showing that he is entitled to equitable tolling. Indeed, Petitioner failed to oppose

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

this motion to dismiss in any way. Therefore, the instant petition was not timely filed, and dismissal is warranted on this ground.

### III.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's Motion to Dismiss (ECF No. 14) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 26, 2016**           /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE