# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GUERRA SANCHEZ, | Case No. 1:16-cv-00604-LJO-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS |
| v. | |
| RONALD RACKLEY, | (ECF No. 14) |
| Respondent. | |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2012 conviction in the Fresno County Superior Court for first-degree murder. Petitioner has made good-faith allegations that he is entitled to equitable tolling, which would likely require further factual development and an evidentiary hearing. Therefore, in the interest of judicial economy, the undersigned recommends denying without prejudice Respondent's motion to dismiss and ordering Respondent to file an answer addressing the merits of Petitioner's claims, which appear to be fairly straightforward.

**I.**

**BACKGROUND**

In 2012, Petitioner was convicted in the Fresno County Superior Court of first-degree murder and sentenced to an imprisonment term of twenty-five years to life. (LD[1] 2 at 2). On July 14, 2014, the California Court of Appeal, Fifth Appellate District modified the sentence to reflect

---
[1] "LD" refers to the documents lodged by Respondent on July 21, 2016. (ECF No. 15).

an additional 626 days of presentence conduct credit, and so modified, affirmed the judgment. (Id. at 21). The California Supreme Court denied Petitioner's petition for review on October 1, 2014. (LD 4).

On April 29, 2016, the Court received the instant petition for writ of habeas corpus. (ECF No. 1). On July 1, 2016, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 14). Petitioner failed to oppose the motion to dismiss, and the undersigned issued findings and recommendation recommending dismissal on September 27, 2016. (ECF No. 16). On October 26, 2016, Petitioner filed objections to the findings and recommendation, arguing that he is entitled to equitable tolling. (ECF No. 17). In light of the objections, the undersigned vacated the findings and recommendation and ordered supplemental briefing. (ECF No. 18).

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). As the instant petition was filed after April 24, 1996, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner's conviction became final on December 30, 2014, when the ninety-day period to file a petition for writ of *certiorari* with the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitation period commenced running the following day, December 31, 2014, and absent tolling, was set to expire on December 30, 2015. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Although the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period, 28 U.S.C. § 2244(d)(2), Petitioner did not file any state post-conviction collateral petitions. Therefore, the limitation period expired on December 30, 2015.

On April 29, 2016, the Court received the instant petition for writ of habeas corpus. (ECF No. 1). Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). According to the proof of service, Petitioner delivered the instant petition to the prison authorities for mailing on April 25, 2016, approximately four months after the limitation period expired. (ECF No. 1 at 21).[2]

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

**B. Equitable Tolling**

The limitation period is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In order to be entitled to equitable tolling, a petitioner must have exercised "reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (citations and internal quotation marks omitted). "The standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011). The Ninth Circuit has recognized that a "combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances." Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006).

Here, Petitioner is a Mexican immigrant who does not read, write, or speak English, and relied on another inmate to assist him in filing the instant petition. (ECF No. 1 at 13; ECF No. 2 at 1). According to Petitioner and the inmate who assisted him in filing the petition, the Folsom State Prison law library does not provide services for Spanish-speaking inmates and does not contain Spanish-language legal materials. (ECF No. 1 at 13–14; ECF No. 2 at 1–2). The inmate who assisted Petitioner declares that "[i]nmates who speak [S]panish must look to English speaking inmates for their assistance in accessing the courts." (ECF No. 2 at 2). Petitioner alleges that for "nearly two months" he conducted a "frantic search" for bilingual legal assistance among the Folsom State Prison inmates. (ECF No. 21 at 5). Many were not willing to help him. (ECF No. 1 at 14). Petitioner also alleges that he attempted to have his daughter search for legal representation, but Petitioner was unable to pay for retention of an attorney. (ECF No. 21 at 5).

Based on the foregoing, the Court finds that Petitioner has made good-faith allegations that equitable tolling may be warranted. The Ninth Circuit has held that in such instances, further factual development and an evidentiary hearing may be required. See Orthel v. Yates, 795 F.3d

935, 940 (9th Cir. 2015); Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) ("A habeas petitioner . . . should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" (quoting Laws v. Lamarque, 351 F.3d 919, 919 (9th Cir. 2003))). However, the Court notes that the petition raises fairly straightforward claims. Ordinarily procedural bar issues are resolved first,[3] but courts have recognized that "[p]rocedural bar issues are not infrequently more complex than the merits issues . . . so it may well make sense in some instances to proceed to the merits if the result will be the same." Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997)). In the instant case, it appears that judicial economy will be better served by adjudicating Petitioner's claims on the merits.

### III.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 14) be DENIED WITHOUT PREJUDICE to renewing the motion after the Court rules on the merits of the petition; and

2. Respondent be ordered to file an answer addressing the merits of Petitioner's claims.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v.

---

[3] "[T]he AEDPA 'statute of limitations defense . . . is not jurisdictional.'" Holland, 560 U.S. 631 at 645 (internal quotation marks omitted) (quoting Day v. McDonough, 547 U.S. 198, 205 (2006)).

Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **February 23, 2017**         /s/ *Erica P. Grosjean*
                                                           UNITED STATES MAGISTRATE JUDGE